## THE PEOPLE *v.* SKIDMORE *et als.*

SUIT on a recognizance given before a Justice for the appearance of defendant S. to answer a criminal charge.   The complaint, after setting out the cause of action on the recognizance, avers that S., to secure his sureties, executed a trust deed to T. of certain warrants and money.   This deed provides, that in case the recognizance be forfeited and the sureties become liable thereon, the trustee is to apply the property to the payment, so far as it will go, of the recognizance.   The complaint asks to have this property so applied : *Held*, that a demurrer for misjoinder of causes of action lies; that the trust deed has nothing to do with the liability of the sureties.

The liability of the sureties can only be tested by suit; and if after judgment against them they are insolvent, the question of plaintiff's right to subject this property may arise.

APPEAL from the Seventh District.

Defendant Skidmore was held to answer by a Justice, on a charge of fatally poisoning a child.    He, with three sureties, entered into a recognizance or instrument in writing in the sum of $5,000, for his appearance before Court to answer the charge.    Subsequently, an indictment was found, and Skidmore failing to appear, his recognizance was forfeited, and this suit was brought against him and his sureties and Taylor.    Further facts are stated in the opinion of the Court.    Plaintiff appeals.

*J. H. Harralson, District Attorney,* for Appellant.

*John Reynolds,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Suit brought on a recognizance for the appearance of the defendant Skidmore, to answer a criminal charge.    The complaint, after setting out the cause of action on the recognizance, contains averments to this effect: that Skidmore executed a deed of trust to secure his sureties by the conveyance to one Taylor of certain effects. This deed is referred to as part of the complaint.    The deed provides that in case the recognizance should become forfeited, so that the sureties become liable thereon, then the trustee is to apply the property to the payment and extinguishment of the recognizance ; and in case the property is not sufficient, then to pay as far as the same will go.    The complaint prayed that this property might be applied to the debt due by the recognizance.

The defendants demurred to the complaint for a misjoinder of causes of action, among other things.

The demurrer was sustained, and properly.    The matters of this agreement had nothing to do with the liability of these sureties on this recognizance.    Nor had the plaintiff any right to proceed in this action to subject this fund.    Whether the sureties were liable

or not could only be decided—as they contested their liability—by suit; and the deed provides this indemnity to secure them in case they be held liable. It may be that the sureties will not be held liable at all; or it may be, if they are, that they are ready and willing to pay whenever their liability is declared; and in that case, there would be no necessity of coming upon this fund. If, after judgment, the defendants are insolvent, another question might arise, or the question might arise of a right to sell or subject this property as the property of Skidmore. But it is not necessary to pass upon this matter in advance of the proper stage of the inquiry.

Many technical objections are made to the complaint; but we are inclined to think that most, if not all of them, are more ingenious than sound. But it is not necessary to pass upon these questions now.

We affirm the judgment of the Court upon the demurrer for this misjoinder. The effect of the judgment and of this affirmance will not be to preclude the plaintiff from suing again when the cause of action can be more formally set out.

Judgment affirmed.